## ELECTION OF JUSTICES OF THE PEACE UNDER THE BIENNIAL ELECTION AMENDMENT.

Circuit Court of Cuyahoga County.

THE STATE OF OHIO, EX REL JAMES E. VOTAVA, V. JOHN BROWN; AND THE STATE OF OHIO, EX REL WILLIAM DAVIO, V. ROBERT T. MORROW.

Decided, May 5, 1908.

*Elections of Justices of the Peace—Constitutional Amendment Relating to Biennial Elections—Effect of, on Terms of Office of Justices—Section 9 of Article IV, Amended Section 3 of Article XVII, and Sections 567 and 1442, Revised Statutes.*

An election of justices of the peace, held in November, 1907, to take effect January 1, 1908, to succeed incumbents who were elected in November, 1904, for terms of three years and took office in April, 1905, was premature and void, and petitions in quo warranto directed against such incumbents will be dismissed.

*Harry F. Payer,* for relators.
*Blandin, Rice & Ginn,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

By virtue of their alleged election in November, 1907, the relators in these two cases, respectively, claim the offices, as justices of the peace, hitherto held by the defendants, John Brown and Robert T. Morrow, who were elected in November, 1904, for the term of three years, and took office in April, 1905. At that time Section 9 of Article IV of the Constitution provided, with respect to justices of the peace, that "Their term of office shall be three years." On November 7, 1905, while the defendants were in possession of their offices and actually serving, an amendment to the Constitution was adopted, providing, in Section 1 of Article XVII, that, "Elections for state and county officers shall be held on the first Tuesday after the first Monday in November, in the even numbered years; and all elections for all other elective officers shall be held on the first Tuesday after the first Monday in November in the odd numbered years."

The same amendment further provides in Section 2 of Article XVII, that, "The term of office of justices of the peace shall be such an even number of years, not exceeding four years, as may be prescribed by the General Assembly." The amendment further provides in Section 3 of Article XVII, that, "Every elective officer holding office when this amendment is adopted, shall continue to hold such office for the full term for which he was elected, and until his successor shall be elected and qualified, as provided by law."

On March 31, 1906, the General Assembly passed "An act to amend Sections 567, 1442," etc., and thereby provided that justices of the peace shall be chosen "for a term of four years by the electors of each township on the first Tuesday after the first Monday in November in the odd numbered years, and their terms of office shall commence on the first day of January next after their election."

The defendants claim that the term of three years for which they were elected did not expire until April, 1908, so that the choice of their successors at the election held in November, 1907, to take office on the first day of January, 1908, was premature; their contention being, that no regular and valid choice of their successors can be made until the general election in an odd numbered year shall be succeeded in the following year by a first day of January subsequent to the regular expiration of their constitutional terms of three years. No such conjunction, they insist, has yet occurred, nor can it occur until November-January, 1909-10.

The contention of the relators on the other hand is three-fold. First: That the term of office of the defendants must be held to have begun not in April, 1905, when they actually took possession of the office, but rather in November, 1904, immediately following their election, since the statutes at that time prescribed no date for their taking the office to which they had been elected, and in the absence of such provision the term commenced at once. *State* v. *Constable,* 7 Ohio, part 1, page 7; *Bushnell* v. *Koon,* 8 C. C.—N. S., 163. An obvious difficulty, however, in the application of this rule arises from the fact

that the predecessors of these defendants were elected for a con-
stitutional term of three years, at a spring election in April,
1902, and their term could not be curtailed by reason of the
change in the time of election of justices of the peace from
spring to fall.  We hold, therefor, that the defendants' terms
of office began not in November, 1904, but in April, 1905, and
continued thereafter, under the provisions of Section 9, Article
IV of the Constitution, as it then existed, and under Section 3
of Article XVII of the Constitution, as since amended, for the
full term of three years for which they were elected, to-wit,
until April, 1908, and until their successors are elected and quali-
fied, as provided by law.

The relators second contention is that the defendants by sub-
mitting their candidacy to succeed themselves at the general
election in November, 1907, for the term of four years, begin-
ning in 1908, and having been defeated at said election by the
relators, are now estopped to assert that their terms do not
expire as contemplated by said election (Throop on Public Offi-
cers, Section 394, and cases there cited).  But our own Supreme
Court has approved the contrary rule in *State* v. *Brady*, 42 O. S.,
504, wherein the third paragraph of the syllabus is as follows:

"A's accepting the office in 1883 with the knowledge that
the council each year elected a city clerk, and his soliciting a
re-election in 1884, do. not estop him from claiming the full
term; and in April, 1884, while A rightfully insisted on hold-
ing the office, for the full term, another person could not be
duly elected to such office."

The relators contend in the third place that the constitutional
amendment already referred to, having for its object the separa-
tion of state and county elections from those at which municipal
and township officers are elected, so that the former shall occur
in the even numbered years and the latter in the odd numbered
years, no necessity would arise for the readjustive extension
of the terms of any offices provided for in the amendment,
where such terms were to expire during the year succeeding
the general election at which such offices might be filled; hence,
the terms of these defendants expiring in an even numbered

year, to-wit, 1908, and the election of justices of the peace being fixed for odd numbered years, the amendment as applied to these conditions is self-executing and the time for electing successors to the defendants would regularly occur in November, 1907.  *State* v. *Pattison*, 73 O. S., 305.

This contention, however, overlooks the fact that the constitutional term of justices of the peace had been three years, and, under the amendment, the Legislature must provide that it be made thenceforward either two or four years.  The amendment was therefore not self-executing with respect to the terms of justices of the peace.  Legislation was required to make it effective.  Until such legislation was provided, the incumbents of that office at the time the constitutional amendment was adopted would continue for the full term for which they were elected, and until their successors should be elected and qualified, as provided by law.  The terms of the defendants could not lawfully be abridged by statute so as to expire January 1, 1908, instead of April, 1908.  The General Assembly by amendment to Section 1442, already quoted, fixed the terms of justices of the peace, pursuant to the constitutional amendment, at four years.  It was without power, except in cases of vacancies, to provide that any such term of four years should begin before the expiration of the three year term of the previous incumbents of the office.  The election of justices of the peace in November, 1907, purported to be for a term of four years, beginning in 1908.  No such term could begin in January, 1908. because the defendants were entitled to the possession of their office until April, 1908; neither could such a term of four years begin in April, 1908, because no statute provides for such a term beginning at such a time in the year.

Prior to November, 1909, no election for justices of the peace in an odd numbered year, as required by the Constitution, for a term beginning January first next succeeding such election can be held for the choice of successors to these defendants, whose constitutional terms of three years did not expire until April, 1908, and who should, under the amendment to the Constitution, continue in office until their successors are elected and qualified.

We hold, therefore, that the election for justices of the peace to succeed the defendants, held in November, 1907, was premature and void, and the petitions are dismissed.